UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN L. DEVROY,

    Petitioner,

v.

                                Case No. 22-cv-727-pp

GARY BOUGHTON,

    Respondent.

**ORDER REQUIRING PETITIONER TO FILE AMENDED PETITION ON THIS COURT'S FORM AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 4)**

The petitioner filed a twenty-eight page petition for writ of *habeas corpus*, dkt. no. 1, a fifteen-page brief, dkt. no. 2, and 1,455 pages of exhibits, dkt. no. 3. The petition is not on this court's *habeas* form. The second page of the petition describes the plaintiff's 2019 conviction for first-degree intentional homicide and the resulting life sentence with eligibility for extended supervision on November 13, 2055. Dkt. No. 1 at 2. According to the petitioner, the Wisconsin Supreme Court affirmed his conviction on August 11, 2021; he lists the various arguments he says he raised on appeal. Id. at 2-3. He says the Supreme Court denied his petition for review on October 16, 2012. Id. at 3. The petition also describes a 2019 appeal. Id. at 3-4. On page 5 of the petition, the petitioner describes an August 2018 discovery demand with which the petitioner claims the district attorney's office did not comply. Id. at 5. At the end of the petition, the petitioner asserts that he is actually innocent, that the

1

has been "locked up against his will" since November 9, 2005, and he seeks a new trial or evidentiary hearing. Id. at 27.

Civil Local Rule 9(a) of the Eastern District of Wisconsin provides that "[a]ll persons applying or petitioning for release from custody under . . . 28 U.S.C. 2254 . . . must file their . . . petition . . . with the Clerk of Court using the forms available from the court." There is a reason for this rule. The court's form guides a petitioner through providing the information that the court needs to evaluate a request for *habeas* relief and to determine whether the petitioner qualifies for relief. The petitioner did not follow this rule. He did not prepare his petition using the court's form. As a consequence, the court is missing information it needs to screen the petition under the *habeas* rules.

If the petitioner wishes to pursue his *habeas* case, he must file an amended petition using the Eastern District of Wisconsin form. The court is including with this order a blank copy of the form and the guide for completing it. The petitioner must write the word "Amended" on the first page of the form in front of the words "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2254 by a Person in State Custody." He must put the case number—22-cv-727—in the space next to the words "Docket No." on the first page. He must identify the location where he is confined, and he must list as the "Respondent" the warden or superintendent or other official who has custody of him. He must fill out all sections of the petition. If the court receives the amended petition by the deadline the court sets below, it will screen it and decide whether the petitioner may proceed. If the court does not receive the amended

2

petition by the deadline the court sets below, the court will dismiss this case on the next business day without further notice or hearing.

The petitioner also has filed a motion asking the court to appoint him counsel, asserting that he talked to the Federal Defender in Wisconsin, who told him to file such a motion. Dkt. No. 4. There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 403 F.3d 64 (7th Cir. 2007). This is particularly true in *habeas* cases; "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding." Taylor v. Knight, 223 Fed. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005)). The Criminal Justice Act gives a district court the discretion to appoint counsel "if the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B).

The court will deny without prejudice the petitioner's motion to appoint counsel. If the petitioner complies with the court's order and files an amended *habeas* petition using this court's form, and if the court screens it and determines that there is a basis for allowing the case to proceed, the petitioner may renew his motion. The court notes, however, that because a *habeas* petitioner does not have a right to appointed counsel, the petitioner will be responsible for explaining to the court why he cannot handle the proceedings himself.

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file an amended petition on the form the court is providing with

3

this order. The petitioner must file the amended petition in time for the court to *receive* it by the end of the day on **September 16, 2022**. If the court does not received the petition by the end of the day on September 16, 2022, the court will dismiss the petition on the next business day without further notice or hearing.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion to appoint counsel. Dkt. No. 4.

Dated in Milwaukee, Wisconsin this 26th day of August, 2022.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**