UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN L. DEVROY,

          Petitioner,

  v.                                       Case No. 22-cv-727-pp

GARY BOUGHTON,

          Respondent.

**ORDER SCREENING AMENDED *HABEAS* PETITION (DKT. NO. 9), REQUIRING RESPONDENT TO FILE RESPONSIVE PLEADING AND DENYING AS MOOT PETITIONER'S REQUEST TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 11)**

On June 22, 2022, the petitioner, who is incarcerated at the Wisconsin Secure Program Facility and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The petitioner did not use the court's *habeas* form as required by Civil Local Rule 9(a) of the Eastern District of Wisconsin. The court ordered that if the petitioner wanted to pursue his *habeas* claim, then no later than September 16, 2022 he needed to file an amended petition using the correct form. Dkt. No. 8. On September 1, 2022, the court received from the petitioner an amended petition, using the court's form. Dkt. No. 9. The petition indicates that the petitioner is challenging his 2009 conviction for first-degree intentional homicide. Id. At the same time, the petitioner filed a brief in support of the petition, dkt. no. 10, and a request for leave to proceed without prepaying the filing fee, dkt. no. 11.

This order screens the amended petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the

1

face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond. The court will deny the motion to proceed without prepaying the filing fee because the petitioner has already paid the fee.

**I.    Background**

The amended petition refers to State v. Devroy, Milwaukee County Case No. 05CF006364 (available at https://wcca.wicourts.gov). Dkt. No. 9 at 2. The court has reviewed the publicly available docket for that case. It shows that on November 9, 2005, the State of Wisconsin filed a criminal complaint against the petitioner. Id. On October 19, 2009, a jury found the petitioner guilty of first-degree intentional homicide. Id. On November 13, 2009, the state court sentenced the petitioner to life in prison with eligibility for extended supervision after November 13, 2055. Id. The court entered judgment on November 17, 2009. Id. On June 19, 2012, the Wisconsin Court of Appeals affirmed the judgment and denied the petitioner's motion for post-conviction relief. Id. On October 16, 2012, the Wisconsin Supreme Court denied the petition for review. Id.

The docket shows that the petitioner filed a new motion for post-conviction relief on October 24, 2018. Id. On June 27, 2019, the circuit court denied the motion. Id. On March 23, 2021, the Wisconsin Court of Appeals affirmed the circuit court's denial and on August 11, 2021, the Wisconsin Supreme Court denied the petition for review. Id.

**II.   Rule 4 Screening**

   A.    Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the

3

claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petition lists six grounds for relief. First, the petitioner asserts that the state violated his due process rights when the state trial judge "abused his discretion in violating [the petitioner's] Rights to a Fair And Equal Judiciary Process." Dkt No. 9 at 6. The petitioner alleges that that the state trial judge allowed the State to file an untimely response to his post-conviction motion and denied him a hearing. Id. at 6-7. Second, the petitioner argues that the circuit court abused its discretion by denying him an evidentiary hearing on his ineffective assistance of trial counsel claims. Id. at 7. Third, the petitioner asserts that his counsel was ineffective for not raising arguments "in support of [his] efforts for the production of the investigating detectives memo books." Id. at 8. Fourth, the petitioner questions whether his state appeal was procedurally barred. Id. at 9. Fifth, the petitioner contends that newly discovered evidence should provide him relief from his conviction. Id. at 10. Finally, the petitioner argues that he is actually innocent. Id. at 13.

Grounds three and five raise claims that are cognizable on federal *habeas* review. See Lee v. Kink, 922 F.3d 772, 774 (7th Cir. 2019) (recognizing availability of *habeas* relief for ineffective assistance of trial counsel), Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003) (recognizing that a claim of newly discovered evidence could be a ground for *habeas* relief if it "related to a constitutional violation independent of any claim of innocence.").

As to ground one, while a petitioner can assert a claim of a due process violation on federal *habeas* review, the petition alleges that the circuit court

4

violated the petitioner's due process rights by allowing the State to file a response to his post-conviction motion after the deadline and denying him an evidentiary hearing. The petition refers to a post-conviction motion under Wis. Stat. §974.06, the procedure that allows a convicted person to collaterally attack his conviction in state court after the time for a direct appeal has expired. Wis. Stat. §974.06(1). "No constitutional provision or federal law entitles [a petitioner] to any state collateral review." Montgomery v. Meloy, 90 F.3d 1200, 1206 (7th Cir. 2006) (citing Pennsylvania v. Finley, 481 U.S. 551, 557 (1987)). "Unless state collateral review violates some independent constitutional right . . . errors in state collateral review cannot form the basis for federal habeas relief." Id. (citations omitted). Although the Seventh Circuit has suggested that inexcusable delay in processing a *direct criminal appeal* may violate due process, "the same does not hold true for delay in processing a collateral appeal." The court will not allow the petitioner to proceed on the ground one claim. See Toles v. Barton, No. 05-C-398, 2007 WL 486628, at *5 (E.D. Wis. Feb. 9, 2007) (petitioner's "claims that he was denied due process when the Wisconsin courts refused his request for a hearing on his §974.06 motion . . . is not cognizable on federal habeas review.").

Ground two asserts that the state court abused its discretion by denying the petitioner an evidentiary hearing on his ineffective assistance of counsel claims. This claim does not allege a violation of federal law or the U.S. Constitution, a requirement for *habeas* relief under 28 U.S.C. §2254(a).

Ground four also fails to allege a constitutional or federal law violation; the court cannot determine what the petitioner is trying to assert in ground four. He asks whether his "appeal" was procedurally barred and answers that it

5

was not, then discusses various events and rulings that the court cannot decipher.

As for ground six, the petitioner's actual innocence claim, "[i]n order to obtain habeas relief, a state prisoner must show that his conviction violates the Constitution, laws, or treaties of the United States." Arnold v. Dittman, 901 F.3d 830, 837 (7th Cir. 2018) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Neither the Supreme Court nor the Seventh Circuit Court of Appeals "has yet indicated that an actual innocence claim could, standing alone, support the issuance of a writ in a non-capital case." Id. (citing McQuiggin, 569 U.S. at 392; Tabb v. Christianson, 855 F.3d 757, 764 (7th Cir.), *cert. denied*, \_\_\_ U.S. \_\_\_, 138 S. Ct. 365 (2017)). The Seventh Circuit has characterized as "'doubtful' the notion that such a claim could support relief on collateral review of a conviction." Id. (quoting Perrone v. United States, 889 F.3d 898, 903 (7th Cir. 2018)).

The court will dismiss grounds one, two, four and six because it plainly appears from the face of the petition that the petitioner is not entitled to *habeas* relief from a federal court on those claims.

Although the court will allow the petitioner to proceed on grounds three and five, the court has concerns about timeliness. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on a petitioner's *habeas* petition; it requires a petitioner to file his federal *habeas* petition within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d).

Subsection (2) of the same statute provides for tolling of the one-year period for properly filed state post-conviction motions. 28 U.S.C. §2244(d)(2). The Wisconsin Supreme Court denied review in 2012 and the petitioner filed this petition in 2022; absent intervening circumstances, the petition would appear to be time-barred. The publicly available docket shows, however, that the petitioner filed a new motion for post-conviction relief in 2018 raising claims of ineffective assistance of counsel, ineffective assistance of post-conviction counsel and newly discovered evidence; the Wisconsin Supreme Court denied review on August 11, 2021. The federal petition was filed within a year of that date. And, while a stand-alone actual innocence claim does not support *habeas* relief, a claim of "actual innocence" can provide a "gateway" to allow a *habeas* petitioner to overcome a procedural bar to consideration of the merits of his claim. McQuiggin, 569 U.S. at 386, 392. And the question of whether a petition is time-barred is an affirmative defense that a respondent must address in responding to the petition. Rules Governing Section 2254 Cases in the United States District Courts, Rule 5(b); Day v. McDonough, 547 U.S. 198, 208-209 (2006).

Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it is premature for the

7

Case 2:22-cv-00727-PP   Filed 11/09/22   Page 7 of 9   Document 12

court to consider whether the petition was timely filed. The court will allow the petitioner to proceed on the two grounds the court has identified.

### III. Request for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 11)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asked the court to allow him to proceed without prepaying the fee. Dkt. No. 11. But the court received the $5.00 filing fee when the petitioner filed his petition. Dkt. No. 1. The filing of an amended petition does not require a new filing fee. The court will deny the request as moot.

### IV. Conclusion

The court **ORDERS** that the petitioner may proceed on grounds one, three and five in his amended *habeas* petition. Dkt. No. 9.

The court **DENIES AS MOOT** the request for leave to proceed without prepaying the filing fee. Dkt. No. 11.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

8

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ must inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ must provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 9th day of November, 2022.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**