UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN L. DEVROY,

   Petitioner,

 v.              Case No. 22-cv-727-pp

GARY BOUGHTON,

   Respondent.

**ORDER DENYING AS UNNECESSARY PETITIONER'S MOTION TO AMEND (DKT. NO. 15), ORDERING PETITIONER TO FILE A SECOND AMENDED COMPLAINT, DENYING AS MOOT PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 16), GRANTING PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 17), DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS PETITION (DKT. NO. 19) AND DENYING AS MOOT PETITIONER'S MOTIONS FOR EXTENSIONS OF TIME (DKT. NOS. 27, 28)**

On November 9, 2022, the court screened the petition and allowed the petitioner to proceed on Grounds Three and Five of his amended *habeas* petition. Dkt. No. 12.[1] In the three weeks following the court's decision, the petitioner filed a motion to amend the petition, dkt. no. 15, a motion for reconsideration, dkt. no. 16, and a motion asking the court to appoint counsel, dkt. no. 17, as well as a supplement to that motion, dkt. no. 18. The court, however, did not promptly review or rule on those motions.

---

[1] In the conclusion of its Rule 4 Screening Order, the court inadvertently ordered that the petitioner could proceed on Ground One of his claim despite having explained in that same order that it would be dismissing the claim because it was not cognizable on federal *habeas* review. This order clarifies that Ground One is dismissed and should not be included in the petitioner's second amended petition.

1

On January 4, 2023—two months after the court issued its order screening the amended petition, and after the petitioner had filed his motion to amend—the respondent filed a motion to dismiss the amended petition. Dkt. No. 19. The respondent's brief did not mention the petitioner's motion to amend. Dkt. No. 20.

Because of the court's delay in ruling on the petitioner's November 2022 motions, the parties since have fully briefed the motion to dismiss. Dkt. Nos. 19, 20, 22, 25.[2] The court's delay in ruling on these motions has created a procedural tangle and has caused both parties unnecessary work, which it deeply regrets. The court hopes this order—and the appointment of counsel for the petitioner—will get this proceeding on the right track.

I. **Motion to Amend (Dkt. No. 15)**

A little procedural history is helpful. The petitioner filed his federal *habeas* petition on June 22, 2022. Dkt. No. 1. He also filed a brief, dkt. no. 2, an appendix, dkt. no. 3, and a motion asking the court to appoint him a lawyer, dkt. no. 4. The court denied the motion to appoint counsel and required the petitioner to file an amended petition using this court's official form. Dkt. No. 8. The petitioner did so, dkt. no. 9, as well as filing another brief, dkt. no. 10, and a request to proceed without prepaying the filing fee, dkt. no. 11. As noted, the court screened the amended complaint and allowed the petitioner to proceed on Ground Three (that his counsel was ineffective for

---

[2] The petitioner also has filed a motion for an extension of time to file "Reply Brief #2," dkt. no. 27, and a second motion for an extension of time, dkt. no. 28. He also filed a second reply brief. Dkt. No. 29.

not raising arguments at trial) and Ground Five (that newly-discovered evidence warrants relief). Dkt. No. 12 at 4. The respondent accepted service of the petition the same day—November 9, 2022. Dkt. No. 13. At that point, the respondent had sixty days—until approximately January 8, 2023—by which to file his response.

On November 23, 2022, however—about two weeks after the court issued the screening order—the petitioner filed this motion for leave to amend the petition. Dkt. No. 15. The petitioner seeks leave to amend his petition to include an ineffective assistance of trial counsel claim. Dkt. No. 15. The petitioner says that he erred in drafting his petition when he stated under Ground Two, "Did the Circuit Court Erroneously exercise its discretion by Denying [the petitioner] an Evidentiary Hearing on his Ineffective Assistance of Trial Claims when ADA Shomin Vouched for the Credibility of Detectives Buschmann, Gastrow, Johnson." Id. at 1. The petitioner maintains that, as explained in his memorandum filed on June 26, 2022, he intended to allege that his trial counsel was ineffective "when he failed to object to the prosecutor's vouching for Detective's credibility." Id. at 2.

Federal Rule of Civil Procedure is "made applicable to habeas proceedings" by 28 U.S.C. §2242, Fed. R. Civ. P. 81(a)(4) and Rule 11 of the Rules Governing Habeas Cases. Mayle v. Felix, 545 U.S. 644, 655 (2005). Under Rule 15(a)(1),

> [a] party may amend its pleading once as a matter of course within (1) 21 days after serving it, or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive

3

> pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier.

Rule 15(a)(2) provides that "[i]in all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Although the rule instructs courts to freely give leave to amend, the court has broad discretion to deny a request to amend when there is delay, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants or where the amendment would be futile. Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009).

The petitioner amended his petition once, but it was not "as a matter of course." The court required the petitioner to amend because he had not filed his petition on the court's official form, which meant the court did not have enough information to determine whether the petitioner could proceed. So, under Rule 15(a)(1), the petitioner had the right to amend his petition as a matter of course—without having to ask the court's permission—as long as he did so within twenty-one days of serving it. The respondent accepted service on November 9, 2022 and the petitioner filed his motion for leave to amend on November 23, 2022—fourteen days later. That means the petitioner did not need the court's leave to amend the petition. The court will deny the motion as unnecessary.

The court still must screen the amended petition. The court concludes that the claim the petitioner wants to add is cognizable on federal *habeas* review. See Jordan v. Hepp, 831 F.3d 837, 848-49 (7th Cir. 2017) (analyzing ineffective assistance of trial claim where attorney failed to object to

4

prosecutor's improper vouching for credibility of one of the detectives). But the petitioner did not file with his motion a *full* proposed amended petition. Instead, he filed only the proposed amended version of Ground Two. This court's Civil Local Rule 15(a) requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15(a) (E.D. Wis.).

The court will require the petitioner to file a second amended petition. As the court explains below, it is going to grant the petitioner's motion to appoint counsel; presumably his attorney will file the second amended petition for him. Whoever prepares the petition must use the court's official form. The second amended petition must include all three of the claims on which the court has allowed the petitioner to proceed—the proposed amended Ground Two, Ground Three and Ground Five.[3] The petitioner is *not* required to file another brief in support of the second amended petition. The court will give the petitioner a deadline by which to file a brief.

## II. Motion for Reconsideration (Dkt. No. 16)

On the same day the court received the petitioner's motion for leave to amend the petition, it also received from him a motion asking the court to reconsider its decision dismissing Ground Two. Dkt. No. 16. The petitioner argued that it was "clear cut" that the version of Ground Two in the amended

---

[3] The petitioner must *not* include Ground One. As the court noted in n.1, it dismissed Count One, although it erroneously said otherwise in the conclusion to the original screening order.

5

complaint "was in relation to Ineffective Assistance of Appellate Counsel," and asserted that this court "failed to address [his] Ineffective Assistance of Counsel claim . . . without making any factual determination(s) or legal analysis as to the merits of [his] allegation for relief." Id. at 2-3. The petitioner also contended that the court should have given him notice of the deficiencies in Ground Two and allowed him to correct the errors before denying him relief. Dkt. No. 16 at 2 (citing Neitzke v. Williams, 420 U.S. 319 (1989)). Finally, the petitioner argued that the court failed to comply with Supreme Court precedent requiring the court to liberally construe a *pro se* litigant's pleadings. Id. at 3 (citing Hughes v. Rowe, 499 U.S. 5, 9-10 (1980); Haines v. Kerner, 404 U.S. 519 (1972)).

"[T]he Federal Rules of Civil Procedure do not expressly recognize a 'motion to reconsider.'" United States v. Roth, No. 10 Misc. 001, 2010 WL 1541343, at *2 (E.D. Wis. April 10, 2010). And the petitioner did not cite a rule authorizing his request. Courts in the Seventh Circuit, however, generally apply the standards of Rule 59(e) or Rule 60(b) to such motions. Washington Frontier League Baseball, LLC v. Zimmerman, No. 1:14-cv-01862-TWP-DML, 2016 WL 4798988, at *1 (S.D. Ind. Sept. 14, 2016).

The petitioner asks for reconsideration of an order, not a final judgment, so the court will apply Rule 60(b), which allows a party to seek relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

In its screening order, the court concluded, in relevant part, that:

> Ground two asserted that the state court abused its discretion by denying the petitioner an evidentiary hearing on his ineffective assistance of counsel claims. This claim does not allege a violation of federal law or the U.S. Constitution, a requirement for *habeas* relief under 28 U.S.C. §2254(a).

Dkt. No. 12 at 5.

As the court has explained, under Rule 15(a), the petitioner had the right to amend his petition without the court's leave, and the version of Ground Two that he submitted states a claim that is cognizable in a *habeas* proceeding. So there is no need for the court to reconsider its ruling. The court notes, however, that the petitioner admits that the amended complaint was arguably confusing. Dkt. No. 16 at 3. Yet he asserts that the court should have ruled on the merits of a claim that he did not articulate. Id. The petitioner is correct that the Supreme Court has advised courts to liberally construe pleadings by persons who represent themselves, but courts cannot always figure out what a self-represented person *intended* to argue from what that person *did* argue. That was the case here.

The court also observes that in his motion to reconsider, the petitioner stated that he "intend[ed] for this pleading to suspend" the respondent's sixty-day deadline for answering or otherwise responding to the petition. Id. at 1. It is the *court*, not the petitioner, who decides whether deadlines are suspended. The respondent could have asked the court to suspend his deadline for responding. Had the court gotten to this motion more quickly, the court could

7

have issued an order suspending the deadline. But it is not up to the petitioner to suspend deadlines the court has set.

Because the court is granting the petitioner's motion to amend, the court will deny the motion for reconsideration as moot.

### III. Motion to Appoint Counsel (Dkt. No. 17)

A week after the court received the two motions discussed above, it received from the petitioner a motion asking the court to appoint him counsel, asserting that he talked to the Federal Defender in Wisconsin, who told him to file such a motion.[4] Dkt. No. 17. The petitioner explained that he has health issues which affect his abilities "in the Law Library." Id. at 1. He explained those health issues in detail, and explained the toll the case (and trying to litigate it) had taken on him. Id. He acknowledged the existence of case law indicating that *habeas* petitioners are not entitled to appointed counsel, but argued that some courts had chosen to do so. Id. The petitioner asserted that he did not commit the crime of which he was convicted and explained that it was critical that he receive the help of a lawyer. Id. at 1-2.

The petitioner attached to the motion a September 9, 2022 letter from Federal Defender Craig W. Albee, stating the following:

> I received your recent letter regarding your habeas petition. I also saw from the docket that you have filed an amended petition. If the Court orders the appointment of counsel, we will either take the case on or appoint qualified counsel. Hopefully she does so. I wish you good luck.

---

[4] The petitioner had filed a similar motion at the outset of the case, which the court had denied. Dkt. Nos. 4 (motion), 8 (order).

8

Dkt. No. 17-1.

As the petitioner acknowledged, there is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). This is particularly true in *habeas* cases; "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding." Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005)). The Criminal Justice Act gives a district court the discretion to appoint counsel "if the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Pruitt, 503 F.3d at 655.

The court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own. But the petitioner has attached a letter from the Federal Defender of Wisconsin indicating that he reached out to that office for appointment of counsel, and the Federal Defender responded that that office was willing to take the case. Given that, the court will grant the petitioner's

9

motion and will appoint Federal Defender Services of Wisconsin to represent him.

### IV. Motion to Dismiss Petition (Dkt. No. 19)

The respondent has asked the court to dismiss the petition, arguing that the amended petition was untimely filed; in the alternative, the respondent argues that the petitioner has procedurally defaulted on his claims. Dkt. No. 20.

Because the petitioner had the right to amend the petition and because the court is appointing counsel, the court will deny the respondent's motion without prejudice. The court also will deny the petitioner's subsequent motions for extensions of time as moot. Dkt. Nos. 27, 28.

### V. Conclusion

The court **DISMISSES** Ground One of the amended petition. Dkt. No. 9.

The court **DENIES AS UNNECESSARY** the petitioner's motion for leave to amend the petition. Dkt. No. 15.

The court **DENIES AS MOOT** the petitioner's motion for reconsideration. Dkt. No. 16.

The court **GRANTS** the petitioner's motion for appointment of counsel. Dkt. No. 17.

The court **ORDERS** that Federal Defender Services of Wisconsin appoint counsel for the petitioner.

The court **DENIES WITHOUT PREJUDICE** the respondent's motion to dismiss the petition. Dkt. No. 19.

The court **DENIES AS MOOT** the petitioner's motions for extensions of time. Dkt. Nos. 27, 28.

The court **ORDERS** that within sixty (60) days of the date the petitioner's counsel files a notice of appearance, the petitioner must file a second amended complaint.

The court **ORDERS** that the parties must comply with the following schedule for supplementing their briefs on the merits of the petitioner's claims:

If the respondent answers the second amended petition:

(1) the petitioner has forty-five days after the respondent files his answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must file their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Dated in Milwaukee, Wisconsin this 19th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**